DANIEL ELSTON, appellant, *v.* FRANCIS G. BLANCHARD, appellee.

*Appeal from the Municipal Court of the City of Chicago.*

The payee of a promissory note is a necessary party to a bill in chancery against the holder, alleging a want of consideration for the note, and fraud in relation to its transfer.

Where fraud is charged in a bill for relief, it should be specifically set out.

Where a defendant neglects to avail himself of a defence at law, a court of chancery will not grant relief. This rule is too well settled to require comment.

A want of consideration, and notice to the assignee, of that fact, before or at the time of the assignment of a promissory note, is a good defence to an action on a promissory note, by an assignee.

ELSTON obtained an injunction on a judgment at law, on the following statement of facts in his bill of complaint, to wit: That he contracted with one Barnard Ward for the purchase of a lease of 999 years to a lot or wharfing privilege in the town of Chicago, at the price of $ 750; that Elston, the complainant, paid Ward $ 300 down, and gave his note to Ward for $ 450, payable in six months, for the price of said lease; that Ward had no right or interest or property in said lot or wharfing privilege; that said note was given without a good or valuable consideration; that, before said note was endorsed to Blanchard, he

was informed by the complainant, that said note would not be paid, unless it should be ascertained that said Ward had a good right to the lot aforesaid, for the term of 999 years, and could sell and legally transfer the same right to the complainant, and that said note was given in consideration thereof. That complainant expressly warned defendant against purchasing said note of Ward. But said defendant, for the purpose of selling his own property for a much greater price than it was worth, and to interfere with the complainant in that behalf, did knowingly and fraudulently obtain the note of said Ward, after notice as aforesaid, and in order to compel the payment of said note to him, instead of leaving the complainant and Ward to settle the same between themselves. And said defendant did fraudulently and knowingly interfere with the rights of the complainant in the premises. That defendant sued and recovered a judgment by default on said note for $450, and threatened to collect the same by *fieri facias.* The bill prayed the Court to perpetuate the injunction.

The defendant filed a general demurrer to the bill, and a motion to dissolve the injunction. The Court, at the November term, 1837, dissolved the injunction, the Hon. Thomas Ford, presiding, and sustained the demurrer to the bill; and dismissed the same, with $10 damages, and costs. From this decree the complainant prayed and obtained an appeal to the Supreme Court.

To reverse this decree, the complainant has assigned the following errors:

*First,* The Municipal Court of the city of Chicago erred in dissolving the injunction granted in the cause.

*Secondly,* The said Court erred in dismissing the complainant's said bill.

*Thirdly,* That the decree of the said Court, in sustaining the said defendant's demurrer to the complainant's bill, and dismissing the same with damages and costs, is erroneous in every member, branch, and part thereof.

The following points were made for the appellant:

The demurrer admits the truth of the allegations of the bill.

" If a defence be such that courts of law and equity have concurrent jurisdiction, and the party fail to defend at law, he may still resort to a court of equity; but if he makes a defence at law and fail, equity will not retry the matter." 1 Pirt. Dig. 294, § 3; 2 Bibb 5, 200; 2 J. J. Marsh. 513, 136–139; 5 Littell 167. " Courts of law and equity have concurrent jurisdiction of fraud. Where the defence was pleaded specially in an action of assumpsit, and the plea was rejected, the relief was not barred in equity, even when it might have been given in evidence under the general issue. Unless the party really enjoyed the benefit of it in a trial at law, he shall be heard in equity." 1 Pirt. Dig. 311, § 119; Lit. Sel. Cas. 164; 6 Littell 164. " Equity will grant re-

lief against a judgment at law, for money won at gaming, when the judgment was by default." 2 J. J. Marsh. 136. "When courts of law and equity have concurrent jurisdiction the Chancellor will relieve, notwithstanding the defence might have been made at law." Clay v. Fry, 3 Bibb 248; 2 Bibb 200; 2 J. J. Marsh. 139, 513.

B. S. MORRIS and J. Y. SCAMMON, for the appellant.

G. SPRING and G. GOODRICH, for the appellee, cited Breese 60, 124, 147, 149, 193; 5 Johns. Chan.; 6 Johns. Chan.

SMITH, Justice, delivered the opinion of the Court :
The bill in this case is imperfect ; the payee of the note, Ward, ought to have been made a party, so as to have had all the parties in interest before the Court. The fraud charged should also have been specifically set out.

The allegations in this respect are entirely too general and indefinite.

But it is a sufficient answer to the equity sought by the bill, that the complainant had a good defence at law, which he neglected to make. Notice of the want of consideration for the giving of the note, to the assignee, before or at the time of the assignment of the note and purchase, is a good defence, if the want of consideration be established. This defence was neglected.

The complainant cannot now obtain the relief which he has, by his own neglect, lost. The rule is too well settled to require comment, in a case like the present. Let the judgment be affirmed, with costs.

*Judgment affirmed.*